## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:22-cv-00801

LAWRENCE SAMUELS, an individual,

     Plaintiff,

v.

AMAZON.COM SERVICES LLC, a Delaware limited liability company,

     Defendant.

---

### DEFENDANT'S NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and D.C.COLO.LCivR 81.1, Defendant Amazon.com Services LLC, incorrectly named in Plaintiff's Complaint as "Amazon Corporation"[1] ("Defendant"), by and through its undersigned counsel, hereby removes the above-captioned action from the District Court for El Paso County, Colorado, to the United States District Court for the District of Colorado.

## I.    OVERVIEW

"Any civil action" commenced in state court is removable if it could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Therefore, the above-captioned case is properly removed by Defendant because it could have been filed in this Court in that the claims alleged require the resolution of federal questions, complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332.

---

[1] "Amazon Corporation" is a nonexistent entity.

## II.    STATE COURT ACTION

On March 7, 2022, Plaintiff Lawrence Samuels ("Plaintiff") filed a *pro se* complaint ("Complaint") against Defendant in the District Court for El Paso County, Colorado, captioned: *Lawrence Samuels v. Amazon Corporation*, Case No. 2022CV000077 ("Complaint").   See Complaint, attached as **Exhibit A**.  Although admittedly unclear from the Complaint, Plaintiff appears to assert "unfair labor practices/charges" under Section 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158, and the Colorado Labor Peace Act, section 8-3-101, C.R.S.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; Title 15 (Commerce and Trade) of the United States Code and/or some "retaliation" "supported by Federal Trade Commission"; the Colorado Partnership for Quality Jobs and Services Act, section 24-50-1101, C.R.S., *et seq.*; and the Colorado Public Health Emergency Whistleblower Act, section 8-14.4-101, *et seq.  See generally* **Exhibit A**.

For purposes of this Notice, Plaintiff purports to have served Defendant on March 2, 2022.  *See* Return of Service, attached as **Exhibit B**.  But while Plaintiff filed a Return of Service indicating that he served Defendant on an unspecified date at 211 7th Avenue, Seattle, Washington, Defendant has no record of being served with Plaintiff's Complaint either at that address or at any other location.  **Exhibit B**; **Exhibit H** (Thomas-Hill Decl.), ¶¶ 3-4.  Plaintiff also does not appear to have effected service on any appropriate representative of Defendant under C.R.C.P. 4(e)(4).  **Exhibit H**, ¶ 4.  Defendant specifically reserves its right to assert the defense of insufficient service of process.  *See* 28 U.S.C. § 1448; *see also Gartin v. Spyderco, Inc.*, No. 95-B-1747, 1997 WL 1037883, at *14 (D. Colo. Aug. 13, 1997); *Kiro v. Moore*, 229

F.R.D. 228, 231-32 (D.N.M. 2005) ("[R]emoving an action from state to federal court does not waive a defendant's defense of lack of process or lack of service of process.").[2]

Removal is proper pursuant to 28 U.S.C. § 1441 because (1) at least one of Plaintiff's claims arises under the laws of the United States and (2) this is a civil action between "citizens of different states" wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Pursuant to 28 U.S.C. § 1446(a), **Exhibits A** through **E** comprise all of the "process, pleadings, and orders" filed in the state court action, except for a March 7, 2022 Motion to Proceed in Forma Pauperis by Plaintiff that is sealed and "only viewable by the court," and are identified as follows:

> **Exhibit A**:  Complaint
>
> **Exhibit B**:  Return of Service
>
> **Exhibit C**:  Finding and Order Concerning Filing Fees
>
> **Exhibit D**:  Civil Case Cover Sheet
>
> **Exhibit E**:  Motion to Reconsider Filing Fees/Waiver

Pursuant to D.C.COLO.L.Civ.R 81.1(b), a copy of the current docket from the District Court of El Paso County, Colorado, is also attached as **Exhibit F**.  It appears that Plaintiff's Motion to Reconsider Filing Fees/Waiver remains pending, on which Amazon takes no position. There are no other pending motions, petitions, or related responses, replies, or briefs before the District Court of El Paso County, Colorado.

---

[2] Amazon reserves the right to assert any and all applicable defenses following removal, including all jurisdictional defenses.  *Meyers v. Dahms*, No. 79-F-117, 1979 WL 1390, at *2 n.1 (D. Colo. May 17, 1979) ("It is a settled proposition that the act of removal waives nothing and that a defendant may yet assert even jurisdictional defenses after removal."); *see also Eagar v. Drake*, 829 F. App'x 878, 884 (10th Cir. 2020); *Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010).

### III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331.

This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378 (2012) ("[W]hen federal law creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law, and district courts possess federal-question jurisdiction.").  Here, Plaintiff's Complaint specifically references "unfair labor practices/charges" and Section 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; and Title 15 (Commerce and Trade) of the United States Code and/or some "retaliation" "supported by Federal Trade Commission."  Therefore, because Plaintiff's Complaint requires resolution of federal questions, this action may is properly removed to this Court.  *See* 28 U.S.C. § 1331.

### IV.    REMOVAL IS ALSO PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION  PURSUANT TO 28 U.S.C. § 1332.

The "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different States[.]"  28 U.S.C. § 1332(a).  Therefore, any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court.  *See* 28 U.S.C. § 1441(b).

This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, as set forth below.

### A.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

### 1.    Plaintiff Is A Citizen Of The State Of Colorado.

Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "place of residence is prima facie the domicile" of an individual); *Davis & Assocs., PC v. Westchester Fire Ins. Co.*, No. 10-cv-03126-REB-CBS, 2011 WL 4479487, at *3 (D. Colo. Sept. 26, 2011) ("[A]n allegation of residency in a particular state creates a presumption of continuing residence in that state.").

At the time Plaintiff commenced this action and at the time of removal, Plaintiff asserts that he is a citizen of the State of Colorado.  *See* **Exhibit A** (Compl.), at 1 (caption); *id.* at 4 (letter dated Feb. 28, 2022 from Ms. Naifeh to Plaintiff).

### 2.    Defendant Is Not A Citizen Of The State Of Colorado.

Defendant is a limited liability company organized and existing under the laws of the state of Delaware.  *See* **Exhibit G** (Brown Decl.), ¶ 4.  The citizenship of a limited liability company is determined by the citizenship of its members.  *Spring Creek Exploration & Produc. Co., LLC v. Hess Bakken Inv., II, LLC, f/k/a TRZ Energy, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018). Defendant's sole member, Amazon.com Sales, Inc., is a Delaware Corporation with its principal place of business in Seattle, Washington.  *See* **Exhibit G**, ¶ 4.   Therefore, Amazon.com Services LLC is a citizen of Delaware and Washington.  *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business).

Accordingly, the parties are citizens of different states and complete diversity exists for purposes of 28 U.S.C. § 1332.

**B.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

To remove an action based on diversity jurisdiction, the amount in controversy must "exceed[] the sum or value of $75,000.00, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a).  The Supreme Court of the United States has made clear that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure"); 28 U.S.C. § 1446(a) (stating that a defendant seeking to remove a case to a federal court must file a notice of removal "containing a short and plain statement of the grounds for removal.").  A removing defendant need not provide evidentiary support for its jurisdictional allegations.  *See Dart*, 574 U.S. at 84 ("A statement 'short and plain' need not contain evidentiary submissions.").  Rather, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87; *Chen v. Dillard Store Svcs., Inc.*, 579 F. App'x. 618, 620-21 (10th Cir. 2014) (unpublished) (holding that once the removing party shows the amount in controversy may be greater than $75,000, the requirement is satisfied "unless it is legally certain that less than $75,000 is at stake.").

Here, Plaintiff's own allegations indicate that the amount in controversy exceeds $75,000. *See, e.g., Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003) ("There is a strong presumption favoring the amount alleged by the plaintiff");

*Zivaro, Inc. v. BOHICA Assoc. Corp.*, No. 20-cv-01095-PAB-STV, 2022 WL 218624, at *2 (D. Colo. Jan. 25, 2022) ("Plaintiff's complaint alleges it is owed more than $75,000, thus satisfying the amount in controversy requirement."). Plaintiff's Complaint alleges that he is "requesting **$96,999**." *See* **Exhibit A**, at 9 (emphasis added). In addition, Plaintiff's District Court Civil Case Cover Sheet indicates that he is seeking a monetary judgment of more than **$100,000.00**. *See* **Exhibit D** (Civil Cover Sheet).[3]

Thus, this Court has original jurisdiction over the claims asserted by Plaintiff based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) and removal is proper pursuant to 28 U.S.C. § 1441(a).

## V.   REMOVAL IS TIMELY.

This Notice of Removal is filed within thirty (30) days after Defendant's initial receipt of a copy of Plaintiff's Complaint in accordance with 28 U.S.C. § 1446(b) and is, therefore, timely. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."); **Exhibit B** (Return of Service).[4] Therefore, removal to this Court is proper. *See* 28 U.S.C. § 1446(b).

---

[3] Courts in this District have also recognized that the amount asserted and certified in a civil cover sheet is additional evidence that can be considered in determining whether the amount in controversy requirement is satisfied. *See, e.g., Ogburn v. Am. Nat'l Prop. & Cas. Co.,* No. 1:14-cv-02339, 2014 WL 5395198, at *5 (D. Colo. Oct. 23, 2014); *Fleming v. USAA Cas. Ins. Co.*, No. 11-cv-02608, 2012 WL 652776, at *2 (D. Colo. Feb. 29, 2012); *Valdez v. Byers*, No. 09-cv-00764, 2009 WL 1440090, at *2 (D. Colo. May 20, 2009) (same); *see also* 28 U.S.C. § 1446(c)(2).

[4] As indicated, Defendant was not properly served and reserves the right to assert insufficient service of process.

## VI.    NOTICE TO PARTIES AND STATE COURT.

Contemporaneously with the filing of this Notice of Removal in the United States District Court of the District of Colorado, counsel for Defendant is serving written notice of this filing on Plaintiff (*pro se*).  In addition, a copy of the Notice of Removal will be filed with the Clerk of the District Court of El Paso County, Colorado.

## VII.    CONCLUSION

WHEREFORE, Defendant Amazon.com Services LLC respectfully removes this action from the District Court of El Paso County, Colorado to this Court for further proceedings.

Respectfully submitted this 1st day of April, 2022.

s/ *Stephen E. Baumann II*

Stephen E. Baumann II
Carolyn B. Theis
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202
Telephone: (303) 629-6200
Facsimile: (303) 629-0200
Email:  sbaumann@littler.com
             catheis@littler.com

*Attorneys for Defendant*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2022, a true and correct copy of

**DEFENDANT'S NOTICE OF REMOVAL** was filed via the CM/ECF system and served via

U.S. Mail, with a courtesy copy via email, to the following:

Lawrence Samuels
7032 McEwan Street
Colorado Springs, CO 80922
Email: marshmellowlanding@icloud.com

*Pro Se Plaintiff*

*s/ Joanna Fox*
Joanna Fox, Legal Secretary
